No. 89–364. PACIFIC POWER & LIGHT CO. ET AL. *v.* MONTANA DEPARTMENT OF REVENUE ET AL. Sup. Ct. Mont. Motion of Mountain States Legal Foundation for leave to file a brief as *amicus curiae* granted. Certiorari denied.

No. 89–524. SAMMILINE CO., LTD., ET AL. *v.* WOODS ET AL. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE and JUSTICE KENNEDY join, dissenting.

The Fifth Circuit held in this case that, based on its duties to longshoremen outlined in *Scindia Steam Navigation Co.* v. *De los Santos*, 451 U. S. 156 (1981), a vessel can be held liable under § 5(b) of the Longshore and Harbor Workers' Compensation Act, as added, 86 Stat. 1263, and amended, 33 U. S. C. § 905(b) (1982 ed., Supp. V), for injuries to a longshoreman unloading a vessel caused by the defective stowage of cargo by an independent stevedore. 873 F. 2d 842, 846–849 (1989). As recognized by the court below, *id.*, at 848, the Third Circuit has held that a shipowner cannot be held liable for such injuries. See *Derr* v. *Kawasaki Kisen K. K.*, 835 F. 2d 490 (1987), cert. denied, 486 U. S. 1007 (1988).

The Fifth Circuit also reaffirmed its holding in *D/S Ove Skou* v. *Hebert*, 365 F. 2d 341 (1966), that a standard time charter clause (providing: " 'The Captain (although appointed by the Owners) shall be under the orders and directions of the Charterers as regards employment and agency, and Charterers are to load, stow, and trim, and discharge the cargo at their expense under the supervision of the Captain. . . .' ") does not shift operational control over cargo operations, and therefore responsibility for the actions of independent stevedores, from the shipowner to the time charterer. 873 F. 2d, at 856. The court acknowledged, *id.*, at 857, n. 18, that its reaffirmance of *Ove Skou* perpetuates a conflict with the Ninth and Second Circuits, which have held that that contractual language does shift operational control over cargo operations to the time charterer. See *Turner* v. *Japan Lines, Ltd.*, 651 F. 2d 1300, 1305–1306 (CA9 1981), cert. denied, 459 U. S. 967 (1982); *Fernandez* v. *Chios Shipping Co.*, 542 F. 2d 145, 151–153 (CA2 1976).

I would grant certiorari to resolve these conflicts.